IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN IVANOV and SLAVCHO GUEORGUIEV,

        Plaintiff,

v.

DAVID NYHUS,
DSL TRANSPORT, LLC, and DOE,

        Defendants.

OPINION & ORDER

14-cv-382-jdp

---

In this civil action, plaintiffs Ivan Ivanov and Slavcho Gueorguiev bring state law claims of negligence for injuries they suffered in a car crash. (Dkt. 5.) They allege that on July 27, 2012, while travelling on Interstate 80, a collision occurred between their vehicle and a tractor/semi-trailer driven by defendant David Nyhus. Nyhus was an employee of defendant DSL Transport, LLC, and the trailer was owned by an unknown defendant, Doe. Plaintiffs allege that this court may exercise diversity jurisdiction, pursuant to 28 U.S.C. § 1332 (a)(1).[1] Because the allegations in the complaint are insufficient to determine if this is so, the court will give plaintiffs an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart*

---

[1] Plaintiffs actually cite "28 U.S.C. § 1332(1)(a)(1)." Because there is no subsection "(1)(a)(1)," the court assumes plaintiffs were referring to § 1332(a)(1).

*v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that the court has jurisdiction because the amount in controversy exceeds $75,000 and the parties are diverse. (Dkt. 5.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiffs cannot be citizens of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiffs' allegations as to DSL Transport prevent this court from determining the company's citizenship.

DSL Transport is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). However, plaintiffs have not alleged the citizenship of DSL Transport's members, making it impossible to determine whether complete diversity exists here. Instead, plaintiffs allege that DSL Transport is "organized and existing under the laws of the State of Wisconsin with its primary place of business in Arena, Wisconsin." (Dkt. 5.) As the Seventh Circuit has instructed, this information is not relevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of DSL Transport. In alleging citizenship, plaintiffs should be aware that if any member of the LLC is itself a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617

2

(7th Cir. 2002) (per curiam) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) Plaintiffs shall have until June 12, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 29th day of May, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge