IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN IVANOV and SLAVCHO GUEORGUIEV,

       Plaintiffs,       OPINION & ORDER

 v.

                       14-cv-382-jdp

DAVID NYHUS, an individual, DSL TRANSPORT
LLC, a Limited Liability Company, and DOE,

       Defendants.

---

Plaintiffs Ivan Ivanov and Slavcho Gueorguiev allege negligence against defendants David Nyhus, DSL Transport LLC, and Doe in connection with a highway collision. Dkt. 10. Fed. R. Civ. P. 8(c) requires defendants to list in their answer any affirmative defenses they may have to plaintiffs' claims against them. In their responsive pleading, Dkt. 22, defendants assert nine affirmative defensives:

1. Each Plaintiff's Complaint and each and every count thereof fails to state a claim upon which relief can be granted against Defendants.
2. Each Plaintiff's injury and damages, if any, were caused by his own negligence or the negligence of others for whom Defendants are not liable.
3. Each Plaintiff has failed to mitigate his damages.
4. Each Plaintiff's injuries are the result of an intervening and/or superseding cause for which Defendants are not liable.
5. Affirmatively allege that the Defendant Nyhus was confronted with an emergency thereby absolving the Defendants of any liability.
6. Each Plaintiff has failed to join necessary parties.
7. Each Plaintiff is not the real party in interest.
8. The Plaintiffs are misjoined.
9. Defendants' actions were not the cause of Plaintiff's alleged injuries.

Before the court is plaintiffs' motion to strike defendants' affirmative defenses. Dkt. 21. Fed. R. Civ. P. 12(f) provides in relevant part that "[t]he court may strike from a pleading an insufficient defense." Motions to strike affirmative defenses "are not favored and will not be

granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Many plaintiffs would not bother with a motion challenging a laundry list of boilerplate affirmative defenses. But defendants' affirmative defenses pose some risk of wasting time and effort, so the court will entertain plaintiffs' motion and clean them up. The court will grant plaintiffs' motion to strike affirmative defenses 5, 6, 7, 8, and 9, and deny plaintiffs' motion to strike affirmative defenses 1, 2, 3, and 4.

## ANALYSIS

Plaintiffs argue that defendants' affirmative defenses are conclusory and do not allege enough facts to give notice of the defenses or allow plaintiffs to answer. Plaintiffs also note that defendants fail to allege any duty, damages, and causation. The basis of plaintiffs' position is that affirmative defenses are pleadings and, accordingly, they are subject to the same requirements as complaints. Thus, plaintiffs cite to Fed. R. Civ. P. 8(a)—a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"—and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), admonishing the use of "labels and conclusions, and a formulaic recitation of the elements of a cause of action" because allegations must "raise a right to relief above the speculative level."

In response, defendants do not deny that they failed to include facts supporting their defenses, but they argue that they are not required to include those facts. Defendants contend that the requirements for affirmative defenses differ from those for complaints; Rule 8(a) and *Twombly* only apply to complaints.

With respect to *Twombly*, defendants cite *Davis v. Ind. State Police*, 541 F.3d 760 (7th Cir. 2008), and *Tyco Fire Prods. v. Victaulic Co.*, 777 F. Supp. 2d 893 (E.D. Pa. 2011), to support their argument. However, neither case brings defendants to their intended conclusion. *Davis* is

not on point; at most, it says that *Twombly* did not mention affirmative defenses. 541 F.3d at 763-74 (determining that *Twombly* did not change the plaintiff's burden such that the complaint must anticipate potential affirmative defenses).

*Tyco* does support the proposition that *Twombly* does not apply to affirmative defenses, 777 F. Supp. 2d at 900, but *Tyco* does not control here. Plaintiffs argue that *Tyco* is contrary to binding Seventh Circuit authority, specifically, *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989) ("[A]ffirmative defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."). However, *Heller* does not address the application of *Twombly* and *Iqbal* to affirmative defenses. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Predating *Twombly* and *Iqbal* by two decades, *Heller* falls in line with the Supreme Court's "no set of facts" test set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The Seventh Circuit has not addressed whether the plausibility requirement for complaints articulated in *Twombly* and *Iqbal* applies to affirmative defenses, and district courts in the circuit have come down on both sides. For example, compare *FDIC v. Vann*, No. 11-cv-3491, 2013 WL 704478 (N.D. Ill. Jan. 23, 2013), which applied the plausibility standard to affirmative defenses, to *Leon v. Jacobson Transp. Co.*, No. 10-cv-4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010), which declined to apply *Twombly* and *Iqbal* to affirmative defenses. Plaintiffs contend that the "vast majority" of district courts are in favor of the application of *Twombly* and *Iqbal* to affirmative defenses. Dkt. 25, at 2 (citing *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 640 (N.D. Ill. 2011)).

This issue has not been squarely addressed by this court, but we need not resolve it to decide plaintiffs' motion. The court has noted that, even if the plausibility requirement does not apply to affirmative defenses, "a conclusion that the standards are less rigorous is not the same as a conclusion that a defendant need not plead any facts in support of a defense." *Chidester v. Camp Douglas Farmers Co-op.*, Nos. 13-cv-520, 13-cv-521, 2013 WL 6440510, at *3 (W.D. Wis. Dec. 9, 2013). No party in this case can dispute that affirmative defenses are subject to the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294. Rule 8(a) applies to claims for relief, and Rule 8(b)(1)(A) applies to defenses. Unlike Rule 8(a)(2), Rule 8(b)(1)(A) does not include a requirement that the pleading "sho[w] that the pleader is entitled to relief." Rather, the only requirement is to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

Defendants argue that they have met this requirement, and that the facts are necessarily undeveloped because affirmative defenses must be alleged before discovery and, at this early stage of the proceedings, all that is required is that plaintiffs are given notice. The court agrees that pleading sufficient facts before discovery may be difficult if the facts are in plaintiffs' possession. However, permitting bare-bones submissions "would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making any individualized inquiry into whether a particular defense actually applies to the facts of the case. . . . [I]t seems to serve no purpose except to reserve defendants' rights to the maximum extent possible." *Chidester*, 2013 WL 6440510, at *3.

In addition, the parties are required under Rule 11 to conduct "an inquiry reasonable under the circumstances" before asserting any claim or defense and to determine whether any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

4

discovery." Fed. R. Civ. P. 11(b); *see Chidester*, 2013 WL 6440510, at *3. For these reasons, defendants must provide some factual basis for asserting each affirmative defense, particularly if the relevant facts are within their reach.

### A. Motion to strike affirmative defenses 1, 2, 3, and 4 will be denied.

Affirmative defense 1 (failure to state a claim) is a bare-bones assertion of a legal doctrine, but defendants have fleshed it out in their brief. Dkt. 23, at 5-6. This affirmative defense as pleaded might not pass muster under the requirements of Rule 8(b)(1)(A), but plaintiffs now have a very good idea of what they are facing. Striking affirmative defense 1 at this point would simply be a make-work exercise for all. If plaintiffs want more security, they can propound a contention interrogatory to lock defendants into their position.

With respect to affirmative defense 3 (failure to mitigate), defendants argue that the relevant facts are in plaintiffs' possession. Given the nature of plaintiffs' claims, this affirmative defense presents a bona fide issue of fact relevant, at a minimum, to damages, so the court declines to strike this affirmative defense. Similarly, the court will not strike affirmative defenses 2 (contributory negligence) and 4 (intervening or superseding cause), which may be relevant to damages, are common issues in personal injury cases, and may require facts solely in plaintiffs' possession.

### B. Motion to strike affirmative defenses 5, 6, 7, 8, and 9 will be granted.

Affirmative defense 5 (emergency) will be stricken. If defendant Nyhus was confronted with an emergency, the supporting facts are in defendants' possession and should be provided "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A).

The remaining affirmative defenses, 6-9, are too vague and conclusory to stand. Affirmative defense 6 (failure to join a party) includes no facts and, at any rate, would not be waived. Defendants may, if they have reason and do so promptly, raise the issue later. Fed. R.

Civ. P. 12(h)(2). Defendants have offered no meaningful response regarding affirmative defenses 7, 8, and 9, which are all merely conclusory. In *Heller*, the court affirmed a decision to grant a motion to strike affirmative defenses that were "nothing but bare bones conclusory allegations" and that "omitted any short and plain statement of facts." 883 F.2d at 1295. Defendants have not included any facts in their answer that support these affirmative defenses, leaving plaintiffs to guess what they are facing. The court will grant this part of plaintiffs' motion.

## CONCLUSION

One last point about the paragraph enumerated as 10, which plaintiffs correctly recognize is not an affirmative defense. Dkt. 21. Paragraph 10 attempts to reserve the right to assert other affirmative defenses as newly discovered facts warrant. This is unnecessary. "Affirmative defenses—like complaints—are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings 'freely . . . when justice so requires.'" *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). But the parties should be forewarned that Rule 15 is not a blank check in this court. Now that we are past the date to amend pleadings without leave of court, amendments to the pleadings will require some explanation.

From this point forward, if the parties agree to amend a pleading, the court will likely allow it. But in the absence of agreement, if a proposed amendment risks disrupting the schedule or imposing prejudice on the other side, it will have to be well justified.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to strike defendants' affirmative defenses, Dkt. 21, is GRANTED as to affirmative defenses 5, 6, 7, 8, and 9, and DENIED as to affirmative defenses 1, 2, 3, and 4.

Entered this 16th day of October, 2014.

                                      BY THE COURT:
                                      /s/
                                      JAMES D. PETERSON
                                      District Judge